# United States District Court, Northern District of Illinois

MHN

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5368 | **DATE** | 8/2/2010 |
| **CASE TITLE** | CHARLOTTE BROOKS, et al. v. RELIABLE RECOVERY SERVICES, INC., et al. | | |

**DOCKET ENTRY TEXT:**

The Court GRANTS Defendants' motions to dismiss [32, 36]. The case is closed. All pending dates and motions are terminated as moot.

■[For further details see text below.]   Docketing to mail notice.

## STATEMENT

This case arises out of a default on a car loan. Plaintiffs Charlotte Brooks and Tonya Barton, a mother and daughter and the debtors on that loan, filed this complaint against the creditor on the loan, Defendant Capital One Auto Finance, Inc, the repossessor hired by Capital One, Defendant Reliable Recovery Services, Inc., and Reliable Recovery's agent, referred to simply as Defendant Agent Paul. Brooks and Barton claim that Reliable Recovery and Paul violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, and the Illinois secured creditor's self-help statute, 810 ILCS § 5/9-609(b)(2), when Paul, acting on behalf of Reliable Recovery, harassed Plaintiffs in an effort to repossess Brooks's car. In addition, they bring a negligence claim against Capital One based on its decision to contract with Reliable Recovery. Defendants now move to dismiss all of the claims. For the reasons stated below, the Court grants those motions.

Motions to dismiss test the sufficiency, not the merits, of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss under federal notice pleading, a plaintiff must "provide the grounds of his entitlement to relief" by alleging "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal quotation marks, brackets, and citation omitted). Specific facts are not necessary. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). The Court treats well-pleaded allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Disability Rights Wisc., Inc. v. Walworth County Bd. Of Supervisors*, 522 F.3d 796, 799 (7th Cir. 2008).

Plaintiffs concede that the FDCPA generally excludes repossessors from coverage. *Nadalin v. Auto. Recovery Bureau*, 169 F.3d 1084, 1085 (7th Cir. 1999) (citing 15 U.S.C. § 1692a(6)). The only exception to this general rule is that the FDCPA forbids a repossessor from "taking or threatening to take nonjudicial action to dispossess a person of property if 'there is no present right to possession of the property claimed as collateral through an enforceable security interest.'" *Id.* (quoting 15 U.S.C. § 1692f(6)(A)). The parties also agree that in order to determine whether a party has a present right to possession, the Court may sometimes look to the state's secured creditor self-help statute. *See, e.g., Fleming-Dudley v. Legal Investigations, Inc.*, 05 C 4648, 2007 WL 952026, *5 (N.D. Ill. Mar. 22, 2007). Thus, the ultimate question underlying both the first and second counts of Plaintiffs' complaint is whether Reliable Recovery and Agent Paul violated the Illinois self-help statute, 810 ILCS § 5/9-609.

The Illinois self-help statute provides that a secured party may take possession of collateral on a loan without judicial process, "if it proceeds without a breach of the peace." *Id.* at § 5/9-609(b)(2). Brooks concedes that she defaulted on her loan. Thus, the only question is whether Plaintiffs plead sufficient facts to support a claim that Agent Paul breached the peace in his efforts to repossess the car. A breach of peace is "conduct which incites or is likely to incite immediate public turbulence, or which leads to or is likely to lead to an immediate loss of public order and tranquility. Violent conduct is not a necessary element. The probability of violence at the time of or immediately prior to the repossession is sufficient." *Chrysler Credit Corp. v. Koontz*, 277 Ill. App. 3d 1078, 1082, 661 N.E.2d 1171, 1173 (Ill. App. Ct. 1996). While the question of whether a breach of peace occurred is a fact-intensive one, *id.* at 1174, the allegations in this case do not fit this definition. Paul's alleged conduct in this case involves communication via telephone, text message, and through a post card left at Brooks's place of employment.

At least one court applying Illinois law has taken impersonation of a police officer into account as a factor suggesting a breach of peace. *Fleming-Dudley*, 2007 WL 952026, *6-*7. But, that court stressed that the putative officer's presence was important because it was "sufficient to chill the legitimate exercise of the defaulting party's rights." *Id.* (quotation omitted). This chilling effect may be relevant because Illinois courts "acknowledge that the likelihood of a breach of the peace increases in proportion to the efforts of the debtor to prevent unauthorized intrusions and the creditor's conduct in defiance of those efforts." *Chrysler Credit Corp.*, 661 N.E.2d at 1175. Thus, a court may consider the fact that a defaulting party is rendered helpless to prevent unauthorized intrusions. In this case, however, it is the lack of unauthorized intrusions or attempts to intrude that are dispositive. Paul's alleged reference to his connection to the police over the phone or in a postcard, while misleading and perhaps even criminal, *see* 720 ILCS § 5/32-5.1 (classifying impersonation of a peace officer as a Class 4 felony), did not lead, nor was it likely to lead, to an immediate loss of public order and tranquility. For this reason, Defendants did not commit a breach of the peace in violation of the self-help statute, and are therefore not covered by the FDCPA. The Court therefore grants Reliable Recovery's motion to dismiss Counts I and II of the complaint.

Plaintiffs' allegations against Capital One also fail to state a plausible claim for recovery because they are conclusory and speculative. Plaintiffs ask the Court to infer that because Paul and Reliable Recovery acted improperly in this case, they must routinely engage in this sort of activity. Moreover, Plaintiffs ask the Court to conclude that Capital One, who allegedly hires Reliable Recovery frequently, must have known about this supposedly routine behavior. As a result, Plaintiffs claim that Capital One was negligent in hiring Reliable Recovery and is liable for the damage the repossessor caused. A plaintiff is entitled to make some allegations "upon information and belief," but the entirety of Count III of Plaintiffs' complaint is speculative and calls for more inferences than the Court may draw, even at this stage. For this reason, the Court also grants Capital One's motion to dismiss Count III.

*Wm. J. Hibbler*